11th CIRCUIT DISTRICT COURT

FOR LEGAL USE ONLY — ▓▓▓▓  FOR LEGAL USE ONLY — ▓▓▓▓

Robert Scott Emery

vs.

New Port Richey Police Department Officer Russell Pennell (NP490) / NPRPD Officer Alexander Lake (NP501) / NPRPD Officer Hand

Related case # 2021CF005312

42 U.S.C § 1983

ATTESTATION BY CORRECTIONAL OFFICER PURSUANT TO SECTION 117.10 FLORIDA STATUTES
NAME (PRINT) A. Morrison   ID# C031
SIGNATURE [signature]   DATE 5/31/22

Comes Now the plaintiff, Robert Emery, PRO-SE to move this Court to Respect and Honor by Law this Motion 42 U.S.C § 1983 on the following grounds:

## Case AND ARGUment of FACTS

On (11/21/2021) Officers Pennell, Lake, and Hand alleged they had a theft complaint from Paradise Subs @ 4962 U.S HWY 19 New Port Richey, FL. Victim whos name was not revealed alleges he followed the culprit to 4914 Cactus Dr. in New Port Richey, also where he believed the alleged suspect lived. Police spied on the property without approaching it. One Vincent Gambale came out of the home at 4914 Cactus Dr. and entered a vehicle in which Mr. Robert Emery was already present as a passenger. Mr. Gambale then proceeded to back out of the driveway as officers engaged the vehicle with pursuit lights in cruisers. Gambale pulled back into the driveway. All 3 officers Pennell, Lake, and Hand converged on the vehicle but did not follow legal procedure of making a traffic stop, instead Pennell ripped the passenger door open and pulled Emery out of the vehicle and started frisking him, later claiming he made furtive movements when in fact he was sitting still. Emory pulled away from Pennell and tried to run as is his right to resist an illegal seizure violative of the 4th amendment. Pennell clung onto his shirt and punched him with handcuffs and other officers joined in and beat Emery after he was cuffed and restrained on the ground. Officers stated Gambale matched the description of suspect as cause for traffic stop and had no legal cause to make contact or a seizure of Emery, further the description and case # don't exsist and have not been provided from Paradise Subs. They found drugs in and around the vehicle which did not belong to Emery, he was merely a passenger. Emery was hospitalized at North Bay Hospital for a short time from the 5 minute police brutality Emery suffered leaving bruises and causing spinal cord damage in the neck and back. Emery merely tried non-violent fleeing and to pull out of Pennells illegal grasp. He had no right to viciously beat him while making an illegal fabricated stop without probable cause. This resulted in the suffering of torture and injury of Emery violating his probation. Officer Pennell fabricated an arrest report saying that Emery admitted to possessing drugs for redistribution, when in fact he told them they werent his being found in a common area in a

Vehicle owned by someone else, Yet Pennell lied in his report.

(CLAIM ①) All officers are guilty of a seizure violative of the 4th Amendment.

(CLAIM ②) All officers are guilty of police brutality, a felony battery, and FLA. § 843.0855.

(CLAIM ③) Pennell violated "FRANKS v. Delaware, 438 U.S. 154 (1978)" by including false information in the affidavit.

## REMEDY SOUGT

The Remedy Emery seeks based on the motion above and claims ① - ③ are the following:
① That all officers are fired from their jobs
② That they can't be certified as an officer by FDLE
③ That the officers suffer prosecution for FLA § 843.0855
④ That officers suffer suit in punative damages for false imprisonment, deprivation of U.S.C rights, and fabrication of an affidavit to secure an arrest.
⑤ Emery moves to proceed "in forma Pauperis" and has been deemed indigent by the lower court.

## CERTIFICATE OF SERVICE

I certify that a true copy of the forgoing has been furnished on the 11th CIRCUIT COURT @ 801 N. Florida Ave. Room 218 Tampa, FL 33602-3800 on the 28th day of MAY 2022

DATE: 5/28/2022        Robert S. Emery
                     X Robert Scott Emery

PAGE #1    SIDE #2